**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TROY ARNAUD**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 16-2957**

**DARREL VANNOY, WARDEN**                                **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court are Petitioner Troy Arnaud's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that he was denied the right to testify at trial and that he received ineffective assistance of trial counsel.[3] The Magistrate Judge recommended that the petition be dismissed on the merits.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

[4] Rec. Doc. 16.

[5] Rec. Doc. 17.

# I. Background

*A.*      *Factual Background*

On June 9, 2011, Petitioner was charged by Indictment in the 24th Judicial District Court for the Parish of Jefferson with one count of second-degree murder and one count of obstruction of justice.[6] On April 17, 2012, following a jury trial, Petitioner was found guilty as charged.[7] On April 30, 2012, Petitioner was sentenced to life imprisonment without possibility of probation, parole, or suspension of sentence on the second-degree murder conviction and thirty years imprisonment on the obstruction of justice conviction.[8] The Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences on May 16, 2013.[9] The Louisiana Supreme Court denied Petitioner's application for a writ of certiorari on March 21, 2014.[10]

On July 3, 2014, Petitioner filed an application for post-conviction relief in the state trial court.[11] The state trial court denied relief on February 10, 2015.[12] Petitioner's related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on April 14, 2015,[13] and by the Louisiana Supreme Court on March 24, 2016.[14]

---

[6] State Rec., Vol. I of VI, Indictment, June 9, 2011.

[7] State Rec., Vol. I of VI, Jury Verdict, Apr. 17, 2012.

[8] State Rec., Vol. I of VI, Minute Entry Sentencing, Apr. 30, 2012.

[9] *State v. Arnaud*, 2012-KA-899 (La. App. 5 Cir. 5/16/13); 113 So. 3d 121.

[10] *State v. Arnaud*, 2013-KH-1985 (La. 3/21/14); 135 So.3d 614.

[11] State Rec. Vol. I of VI, Application for Post-Conviction Relief, July 3, 2014.

[12] State Rec., Vol. I of VI, Order Denying Application for Post-Conviction Relief, Feb. 10, 2015.

[13] State Rec., Vol. VI of VI, *State v. Arnaud*, 2015-KH-177 (La. App. 5 Cir. 4/14/15).

[14] State Rec., Vol. VI of VI, *State v. Arnaud*, 2015-KH-1000 (La. 2/24/16).

On April 7, 2016, Petitioner filed this habeas petition.[15] First, Petitioner claims that he was denied the right to testify at trial.[16] Second, Petitioner claims that he was denied effective assistance of trial counsel when his counsel: (1) failed to object to the prosecutor's misstatement of law of principals during voir dire; (2) waived opening statement; (3) failed to object to hearsay; (4) failed to properly cross-examine a witness; (5) failed to object to the prosecutor's use of expert testimony to bolster the credibility of a witness; (6) failed to object to the prosecutor's use of coercion to prevent Petitioner from testifying at trial; and (7) placed Petitioner at the crime scene during her closing argument.[17] The State filed a response, arguing that the petition should be dismissed on the merits.[18]

## B.    Report and Recommendation Findings

The Magistrate Judge recommends that the petition be dismissed on the merits.[19] First, the Magistrate Judge examined Petitioner's claim that he was denied the right to testify at trial.[20] The Magistrate Judge noted that Petitioner submitted an affidavit attesting that: (1) he informed counsel that he wanted to testify in his defense; (2) defense counsel told him that the prosecutor would charge Petitioner's wife as an accessory-after-the-fact to second-degree murder if he testified at trial; and (3) this "threat" was the sole reason he decided not to testify.[21] The Magistrate Judge also noted that Fifth Circuit precedent establishes that an allegation of trial counsel's interference

---

[15] Rec. Doc. 1.

[16] *Id.* at 7.

[17] *Id.* at 6; Rec. Doc. 1-1 at 8.

[18] Rec. Doc. 15.

[19] Rec. Doc. 16.

[20] *Id.* at 10–14.

[21] *Id.* at 10.

with a habeas petitioner's right to testify should be analyzed as an ineffective assistance of counsel claim.[22] The Magistrate Judge stated that "a bare and conclusory assertion of the denial of the right to testify by counsel is insufficient to establish ineffective assistance."[23] Here, the Magistrate Judge found that Petitioner's allegation was speculative and only supported by his own "subjective, self-serving affidavit."[24] The Magistrate Judge also found that Petitioner failed to allege how the outcome of the trial would have differed had he testified.[25] Therefore, the Magistrate Judge determined that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of federal law.[26]

Moreover, to the extent Petitioner claimed that his right to testify was infringed by the prosecutor's alleged threat to charge Petitioner's wife, the Magistrate Judge noted that the possibility of Petitioner's wife being prosecuted existed solely based on the extent of her involvement.[27] Furthermore, the Magistrate Judge determined that Petitioner did not show prosecutorial misconduct as the District Attorney has sole discretion to determine whom he will prosecute, and Petitioner did not prove that the prosecutor ever made the statement or that the potential charges would have been mentioned to defense counsel to intimidate Petitioner.[28] Therefore, the Magistrate Judge found that Petitioner was not entitled to relief on this claim.[29]

---

[22] *Id.* at 11 (citing *Roddy v. Vannoy*, 2016 WL 7209696, *1 (5th Cir. 2016)).

[23] *Id.* at 12 (citing *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999)).

[24] *Id.* at 13.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 13–14.

[28] *Id.* at 14.

[29] *Id.*

Next, the Magistrate Judge addressed Petitioner's multiple ineffective assistance of counsel claims.[30] First, the Magistrate Judge considered Petitioner's claim that counsel was ineffective for failing to object to the prosecutor's alleged misstatement of the law of principals during voir dire.[31] The Magistrate Judge noted that the prosecutor used a hypothetical during voir dire to illustrate how an individual could be held responsible as a principal to a crime.[32] The Magistrate Judge noted that the state trial court found that Petitioner had not demonstrated that the hypothetical was inaccurate, and the Magistrate Judge agreed with this determination.[33] Therefore, the Magistrate Judge found that the hypothetical was proper and there were no legal grounds for defense counsel to object.[34] Moreover, the Magistrate Judge found that Petitioner did not show any prejudice resulted from the failure to object because the prosecutor prefaced his comments by stating that the trial judge would instruct the jury on the law, and the jury was instructed by the trial court that any arguments made by counsel were not evidence.[35] Therefore, the Magistrate Judge determined that the state court's finding that Petitioner failed to establish deficient performance or prejudice was reasonable.[36]

Second, the Magistrate Judge addressed Petitioner's claim that counsel was ineffective because she failed to make an opening statement.[37] The Magistrate Judge noted that the decision

---

[30] *Id.* at 14–34.

[31] *Id.* at 17–23.

[32] *Id.* at 21.

[33] *Id.*

[34] *Id.*

[35] *Id.* 21–22.

[36] *Id.*

[37] *Id.* at 23–24.

to make an opening statement is a matter of trial strategy,[38] and trial strategy is presumed to be objectively reasonable unless a habeas petitioner can clearly prove otherwise.[39] Because Petitioner had alleged no specific facts to show how counsel's decision was objectively unreasonable, the Magistrate Judge determined that Petitioner failed to meet his burden of showing deficient performance.[40] Furthermore, the Magistrate Judge found that Petitioner failed to show that he was prejudiced by counsel's decision, because Petitioner failed to provide any particular facts or relevant information that would have likely changed the outcome of the trial if conveyed during opening statements.[41] Accordingly, the Magistrate Judge determined that the state court's determination that neither deficient performance nor prejudice were established was not an unreasonable application of federal law.[42]

Third, the Magistrate Judge addressed Petitioner's assertion that counsel was ineffective for failing to object to alleged hearsay offered by Sergeant David Spera at trial.[43] Specifically, Petitioner asserted that Sergeant Spera's testimony regarding his firsthand knowledge of the investigation and actions he took during the investigation was hearsay because Sergeant Spera indicated that he had retrieved some information from Petitioner's wife.[44] The Magistrate Judge determined that there was no deficient performance because Sargent Spera's testimony did not constitute hearsay as he did not offer any out-of-court statements made by Petitioner's wife, and

---

[38] *Id.* at 23 (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)).

[39] *Id.* at 24 (citing *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008)).

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.* at 25–27.

[44] *Id.* at 25–26.

so an objection would have been futile.[45] The Magistrate Judge also found that, even assuming the testimony constituted hearsay, deciding whether to raise objections before a jury is a matter of trial strategy.[46] Accordingly, the Magistrate Judge concluded that the state court's rejection of this claim was neither contrary to nor an unreasonable application of federal law.[47]

Fourth, the Magistrate Judge addressed Petitioner's claim that counsel was ineffective in failing to conduct a proper cross-examination of co-defendant Gregory Ford about a prior incident at his mother's house.[48] Specifically, Petitioner alleged that two weeks before the murder, a Hispanic individual shot at Ford's mother's house and made threatening phone calls to Ford.[49] Petitioner asserted that, due to the proximity of that incident and the fact that the murder victim was Hispanic, counsel's failure to question Ford about that incident fell below prevailing professional norms.[50] The Magistrate Judge found Petitioner's argument that this line of questioning would have revealed a motive for Ford to commit the murder unconvincing.[51] The Magistrate Judge also found that counsel's decision to focus her cross-examination of Ford on the circumstances surrounding the murder and discrediting Ford was a reasonable trial strategy.[52] The Magistrate Judge also found that Petitioner failed to establish that the result of the trial would have

---

[45] *Id.* at 26.

[46] *Id.*

[47] *Id.* at 27.

[48] *Id.* at 27–29.

[49] *Id.* at 27.

[50] *Id.*

[51] *Id.* at 28.

[52] *Id.*

been different if counsel had questioned Ford on the shooting at his mother's house.[53] Therefore, the Magistrate Judge determined that the state court's rejection of this claim was not contrary to or an unreasonable application of federal law.[54]

Fifth, the Magistrate Judge addressed Petitioner's claim that counsel was ineffective for failing to object to expert testimony regarding the physical evidence at the crime scene and whether the physical evidence matched Ford's description of the events.[55] The Magistrate Judge found that Petitioner failed to explain how the testimony was improper, and so any objection would have been futile.[56] Thus, the Magistrate Judge determined that the state court's rejection of the claim was neither contrary to nor an unreasonable application of federal law.[57]

Sixth, the Magistrate Judge addressed Petitioner's claim that counsel was ineffective for failing to object to the prosecutor's alleged threat to charge Petitioner's wife with accessory-after-the-fact to murder if Petitioner testified at trial.[58] The Magistrate Judge reiterated that he found this claim to be speculative and unsupported, because Petitioner had not established that any threat was actually made.[59] Moreover, the Magistrate Judge noted that the possibility of bringing charges against Petitioner's wife existed whether or not Petitioner testified at trial.[60] The Magistrate Judge

---

[53] *Id.* at 28–29.

[54] *Id.* at 29.

[55] *Id.* at 29–30.

[56] *Id.* at 30.

[57] *Id.*

[58] *Id.* at 30–31.

[59] *Id.* at 31.

[60] *Id.*

therefore determined that the state court's rejection of this claim was not contrary to or an unreasonable application of federal law.[61]

Finally, the Magistrate Judge addressed Petitioner's claim that counsel was ineffective during closing argument when she conceded that Petitioner was in Ford's vehicle at the time of the murder because it contradicted the statements Petitioner gave to police.[62] The Magistrate Judge noted that "deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage."[63] The Magistrate Judge also noted that a review of the trial transcript revealed that Petitioner's counsel did not concede that the evidence proved that Petitioner was in the car at the time of the murder, but instead that he was in the car when Ford and the victim left the daiquiri shop.[64] Furthermore, the Magistrate Judge found that "[c]ounsel argued in closing that the evidence indicated that Ford alone possessed the ability and intent to rob the victim and that Ford killed the victim during the robbery and [Petitioner] was simply in the wrong place at the wrong time."[65] Accordingly, the Magistrate Judge determined that Petitioner failed to overcome the presumption that counsel's decision was a result of sound trial strategy or to establish prejudice.[66] Therefore, the Magistrate Judge determined that the state court's rejection of this claim was neither contrary to nor an unreasonable application of federal law.[67]

---

[61] *Id.*

[62] *Id.* at 31–34.

[63] *Id.* at 32 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003)).

[64] *Id.*

[65] *Id.* at 33.

[66] *Id.* at 33.

[67] *Id.*

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[68] First, Petitioner argues that he was denied his constitutional right to testify at trial.[69] Petitioner repeats the assertions made in his affidavit that: (1) he informed counsel that he wanted to testify in his defense; (2) defense counsel told him that the prosecutor would charge Petitioner's wife as an accessory-after-the-fact to second-degree murder if he testified at trial; and (3) this "threat" was the sole reason he decided not to testify.[70]

Petitioner argues that his trial counsel has ignored his requests that she provide him with evidence to support this claim, and his wife is too intimidated to execute an affidavit.[71] Moreover, Petitioner contends that the state trial court deprived him of his right to develop evidence on this issue by denying his request for an evidentiary hearing.[72] Petitioner also objects to the Magistrate Judge's determination that the prosecutor's conduct did not infringe upon his right to testify.[73] Petitioner argues that the district attorney's discretion as to who to prosecute does not allow the district attorney to prevent Petitioner from exercising his constitutional right to testify at trial.[74] Petitioner asserts that the assistant district attorney told counsel that Petitioner's wife would be

---

[68] Rec. Doc. 17.

[69] *Id.* at 1.

[70] *Id.*

[71] *Id.* at 2.

[72] *Id.* at 3.

[73] *Id.*

[74] *Id.*

charged if Petitioner testified, and this "unethical abuse of power" effectively denied Petitioner the right to testify.[75]

Regarding his remaining ineffective assistance of counsel claims, Petitioner argues, as an initial matter, that the Magistrate Judge assumed trial counsel acted strategically when there was no evidence of a strategic decision, and that the Magistrate Judge failed to consider the weakness of the state's case in assessing the potential prejudice.[76] Petitioner asserts that the court should not "fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decisions at all."[77]

Second, Petitioner objects to the Magistrate Judge's finding that counsel's failure to make an opening statement falls within the area of trial strategy.[78] Petitioner asserts that this is an example of the Magistrate Judge "fabricating tactical decisions on behalf of counsel."[79] Petitioner asserts that there could be no possible strategy in waiving an opening statement, and the only logical conclusion is that counsel was overburdened and did not have adequate time to prepare.[80] Petitioner also objects to the Magistrate Judge's finding that he failed to prove prejudice on this issue, because if counsel had established from the beginning how suspect the State's evidence was, it is likely the jury would have been more skeptical of the evidence and the State's witness, Gregory Ford.[81]

---

[75] *Id.*

[76] *Id.* at 4–5.

[77] *Id.* at 4.

[78] *Id.* at 5.

[79] *Id.*

[80] *Id.* at 5–6.

[81] *Id.* at 6.

Third, Petitioner objects to the Magistrate Judge's finding that Sergeant Spera's testimony was not hearsay.[82] Petitioner argues that the Magistrate Judge's finding is unreasonable.[83] Petitioner asserts that Sergeant Spera's testimony is irrelevant except to establish that "Petitioner must have talked to his wife about the murder and therefore probably was involved in the murder himself."[84]

Fourth, Petitioner objects to the Magistrate Judge's finding that counsel's failure to question Ford about an unrelated incident was reasonable trial strategy.[85] Petitioner argues that '[t]his is another example of the Magistrate Judge fabricating tactical decisions on behalf of counsel in wholly inappropriate situations."[86] Petitioner asserts that it is a "virtual certainty" that counsel did not address the issue because she did not have time to investigate the matter.[87] Moreover, Petitioner contends that he has established prejudice because if the jury heard about this incident, they might have been persuaded that Ford had a motive to kill the victim.[88]

Fifth, Petitioner objects to the Magistrate Judge's finding that his counsel was not ineffective in failing to object to the expert testimony.[89] Petitioner argues that the expert testimony was improper because the prosecutor repeatedly asked the experts if Ford's testimony aligned with

---

[82] *Id.*

[83] *Id.* at 7.

[84] *Id.*

[85] *Id.*

[86] *Id.*

[87] *Id.* at 7–8.

[88] *Id.* at 8.

[89] *Id.*

the physical evidence in an attempt to "pound into the jury the message that they should believe Ford's testimony because it was validated by the State's expert witnesses."[90]

Finally, Petitioner objects to the Magistrate Judge's finding that counsel's placement of Petitioner at the crime scene during closing argument was a reasonable trial strategy.[91] Petitioner argues that he told the police and his counsel that he was not in the car at the time of the murder, and his "counsel cannot fabricate factual details of the crime."[92] Petitioner also objects to the Magistrate Judge's finding that Petitioner did not establish prejudice.[93] Petitioner asserts that the State's evidence was not overwhelming, and it is likely that "the jury would have been even more skeptical of the State's case had Petitioner's trial counsel not destroyed his credibility by telling the jury that he lied to the police."[94]

### B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the

---

[90] *Id.*

[91] *Id.*

[92] *Id.* at 8–9.

[93] *Id.*

[94] *Id.* at 9.

recommended disposition" of a Magistrate Judge on a dispositive matter.[95] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[96] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[97]

## B.    Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[98] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[99] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[100]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from

---

[95] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[96] Fed. R. Civ. P. 72(b)(3).

[97] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[98] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[99] 28 U.S.C. § 2254(d)(2).

[100] 28 U.S.C. § 2254(d)(1).

Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[101]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[102] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[103]

## IV. Law and Analysis

### A.    *Denial of Right to Testify at Trial*

Petitioner objects to the Magistrate Judge's rejection of his claim that he was denied the right to testify at trial.[104] Petitioner argues that the prosecutor indirectly coerced him into not testifying by threatening to "charge Petitioner's wife as an accessory after the fact to second degree murder."[105] Petitioner asserts that the district attorney's discretion as to who to prosecute does not allow the district attorney to prevent Petitioner from exercising his constitutional rights.[106] Petitioner asserts that the assistant district attorney told counsel that Petitioner's wife would be

---

[101] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[102] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[103] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[104] Rec. Doc. 16 at 1.

[105] *Id*. at 3.

[106] *Id.*

charged if Petitioner testified, and this "unethical abuse of power" effectively denied Petitioner the right to testify.[107] Therefore, the Court reviews this issue *de novo*.[108]

A defendant has a fundamental constitutional right to testify at trial.[109] "A waiver of this right must be knowing and voluntary, and it must be made by the defendant rather than his counsel."[110] The Fifth Circuit has held that "when a defendant contends that trial counsel interfered with his right to testify, 'the appropriate vehicle for such claims is a claim of ineffective assistance of counsel.'"[111]

Here, Petitioner presents only his own self-serving, unsupported affidavit to support his assertion that the prosecutor infringed on his right to testify at trial. The affidavit states, "When I told [defense counsel] that I wanted to testify, she told me that the district attorney told her that if I take the stand, he was going to charge my wife, Evelyn Arnaud, as an accessory after the fact to the second degree murder, but that if I don't take the stand, he would leave her alone."[112] Therefore, to the extent that Petitioner argues the prosecutor interfered with his right to testify, he has not shown that the prosecutor actually made such a statement or that such a statement, if made, was made for the purpose of interfering with his right to testify at trial. Accordingly, the Court finds that the state court's denial of relief on this issue was not contrary to or an unreasonable application of federal law.

---

[107] *Id.*

[108] Fed. R. Civ. P. 72(b)(3).

[109] *Roddy v. Vannoy*, 671 F. App'x 295, 296 (5th Cir. 2016) (citing *Rock v. Arkansas*, 483 U.S. at 44, 49–52 (1987)).

[110] *Id.* (citing *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1998)).

[111] *Id.* (quoting *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002)).

[112] Rec. Doc. 1-5 at 12.

Petitioner does not object to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that his trial counsel performed ineffectively in denying him the right to testify at trial.[113] Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's determination that the state court's denial of relief on this issue was neither contrary to nor an unreasonable application of federal law.

## B. *Remaining Ineffective Assistance of Counsel Claims*

Petitioner claims that he was denied effective assistance of trial counsel when his counsel: (1) failed to object to the prosecutor's misstatement of law of principals during voir dire; (2) waived opening statement; (3) failed to object to hearsay; (4) failed to properly cross-examine a witness; (5) failed to object to the prosecutor's use of expert testimony to bolster the credibility of a witness; (6) failed to object to the prosecutor's use of coercion to prevent Petitioner from testifying at trial; and (7) placed Petitioner at the crime scene during her closing argument.[114]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[115] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[116] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[117] Petitioner must show that the conduct

---

[113] Rec. Doc. 17.

[114] Rec. Doc. 1-1 at 8.

[115] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[116] *Id.* at 697.

[117] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[118] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[119] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[120] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[121]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable— a substantially higher threshold."[122] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[123] Thus, this standard is considered "doubly deferential" on habeas corpus review.[124]

### 1. Failure to Object During Voir Dire

Petitioner does not object to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that defense counsel performed deficiently in failing to object to the

---

[118] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[119] *See Strickland*, 466 U.S. at 689.

[120] *Id*. at 694.

[121] *Id*.

[122] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[123] *Id*.

[124] *Id*.

prosecutor's alleged misstatement of the law of principals during voir dire.[125] The Magistrate Judge noted that the prosecutor used a hypothetical during voir dire to illustrate how an individual could be held responsible as a principal to a crime.[126] The Magistrate Judge also noted that the state trial court found that Petitioner had not demonstrated that the hypothetical was inaccurate, and the Magistrate Judge agreed with this determination.[127] Therefore, the Magistrate Judge found that the hypothetical was proper and there were no legal grounds for defense counsel to object.[128] Moreover, the Magistrate Judge found that Petitioner did not show any prejudice from the failure to object because the prosecutor prefaced his comments by stating that the trial judge would instruct the jury on the law, and the jury was instructed by the trial court that any arguments made by counsel were not evidence.[129] Reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's determination that the state court's denial of relief on this issue was neither contrary to nor an unreasonable application of federal law.

### 2. Waiver of Opening Statement

Petitioner objects to the Magistrate Judge's determination that counsel's decision to forgo an opening statement was reasonable trial strategy and therefore did not constitute deficient performance.[130] Petitioner asserts that there was no possible strategy involved in waiving an opening statement, and counsel only did so because she did not have adequate time to prepare.[131]

---

[125] Rec. Doc. 17.

[126] Rec. Doc. 16 at 21.

[127] *Id.*

[128] *Id.*

[129] *Id.* 21–22.

[130] Rec. Doc. 17 at 5.

[131] *Id.* at 5–6.

Petitioner also objects to the Magistrate Judge's finding that he failed to prove prejudice on this issue, because had counsel established from the beginning how suspect the State's evidence was, it is likely the jury would have been more skeptical of the evidence and the State's witness, Gregory Ford.[132] Therefore, the Court reviews this issue *de novo*.[133]

The Fifth Circuit has found that "The decision of whether to present an opening statement falls with the zone of trial strategy."[134] "[A] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[135] There is a "strong presumption: that counsel's strategy falls "within the wide range of reasonable professional assistance."[136] "[T]he petitioner bears the burden of demonstrating that the choices made were not within the realm of trial strategy."[137]

In the instant case, Petitioner does not provide any evidence that counsel's decision to forgo an opening statement was nonstrategic. Petitioner asserts that counsel was overburdened and did not have adequate time to prepare. However, he relies only on his own conclusory statements to support this assertion. As Petitioner has not produced any evidence that counsel's decision to waive an opening statement was not a strategic one, he has not met his burden of proving deficient performance.

---

[132] *Id.* at 6.

[133] Fed. R. Civ. P. 72(b)(3).

[134] *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (citing *William v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965).

[135] *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (internal citations and quotation marks omitted).

[136] *Strickland*, 466 U.S. at 690.

[137] *Bishop v. Epps*, 265 F. App'x 285, 290 (5th Cir. 2008).

Moreover, Petitioner has not shown that he was prejudiced by his counsel's decision. Petitioner asserts that there is a reasonable probability that the jury would have been more skeptical of the State's evidence had counsel outlined the defense's position from the outset. However, the record shows that counsel spent much time attempting to discredit Ford's credibility during her cross-examination of Ford and closing arguments. Petitioner does not identify any information that was not conveyed to the jury that would have likely altered the outcome of the case. Accordingly, the Court finds that the state court's determination that neither deficient performance nor prejudice were established was not contrary to or an unreasonable application of federal law.

### 3.    Failure to Object to Alleged Hearsay

Petitioner objects to the Magistrate Judge's finding that Sergeant Spera's testimony was not hearsay.[138] Accordingly, this claim is reviewed *de novo*.[139]

At trial, Sergeant Spera testified that he went to Waggaman, Louisiana, to look for the body of the victim.[140] Sergeant Spera testified that he went to the Waggaman area "following directions from information we had retrieved during the investigation."[141] Specifically, Sergant Spera stated that he had retrieved this information from Petitioner's wife, Evelyn Anaud.[142]

Louisiana law defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted."[143] Sergeant Spera's statement was not hearsay because he did not offer an out-of-court

---

[138] Rec. Doc. 17 at 6–7.

[139] Fed. R. Civ. P. 72(b)(3).

[140] Rec. Doc. 1-1 at 12.

[141] *Id.* at 11.

[142] *Id.*

[143] La. Code of Evid. Art. 801(C).

statement made by Petitioner's wife. His testimony is limited to his personal knowledge gained from the criminal investigation.

The Fifth Circuit has recognized that "an attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[144] Because Sergeant Spera's testimony was not hearsay, an objection would have been futile. Therefore, counsel's failure to object was not deficient performance. Accordingly, the state court's denial of relief on this claim was not contrary to, or an unreasonable application of federal law.

### 4. Failure to Properly Cross-Examine a Witness

Petitioner objects to the Magistrate Judge's finding that counsel's failure to question Ford about an unrelated incident was reasonable trial strategy.[145] Petitioner asserts that it is a "virtual certainty" that counsel did not address the issue because she did not have time to investigate the matter.[146] Moreover, Petitioner contends that he has established prejudice because if the jury heard about this incident, they might have been persuaded that Ford had a motive to kill the victim.[147]

The Fifth Circuit has held that decisions regarding cross-examination are strategic in nature, and thus usually "will not support an ineffective assistance of counsel claim."[148] Furthermore, the Supreme Court has recognized that "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than

---

[144] *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

[145] Rec. Doc. 17 at 7.

[146] *Id.* at 7–8.

[147] *Id.* at 8.

[148] *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (quoting *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002)).

through sheer neglect."[149] Such a "presumption has particular force where a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive."[150]

Petitioner alleges that two weeks before the murder, a Hispanic individual shot at Ford's mother's house and made threatening phone calls to Ford.[151] Petitioner asserts that, due to the proximity of that incident and the fact that the murder victim was Hispanic, counsel's failure to question Ford about that incident fell below prevailing professional norms.[152] A review of the record reveals that counsel decided to focus her cross-examination of Ford on the circumstances surrounding the murder and discrediting Ford. This was a reasonable trial strategy. Moreover, Petitioner has not established that the result of the trial would have been different if counsel had questioned Ford on the shooting at his mother's house. Therefore, the state court's rejection of this claim was not contrary to or an unreasonable application of federal law.

### 5. Failure to Object to Expert Testimony

Petitioner objects to the Magistrate Judge's finding that his counsel was not ineffective in failing to object to the expert testimony.[153] Petitioner argues that the expert testimony was improper because the prosecutor repeatedly asked the experts if Ford's testimony aligned with the physical evidence in an attempt to "pound into the jury the message that they should believe Ford's

---

[149] *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

[150] *Id.* at 5–6 (internal citations and quotation marks omitted).

[151] Rec. Doc. 1-1 at 13.

[152] *Id.* at 14.

[153] Rec. Doc. 17 at 8.

testimony because it was validated by the State's expert witnesses."[154] Accordingly, the Court reviews this issue *de novo*.[155]

Pursuant to the Louisiana Code of Evidence article 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion." At Petitioner's trial, the expert witnesses called by the State testified that the physical evidence of the crime was consistent with the factual basis of Ford's guilty plea.[156] As noted above, "an attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[157] Because the expert witnesses could offer an opinion on the physical evidence, an objection would have been futile. Therefore, counsel's failure to object was not deficient performance. Accordingly, the state court's denial of relief on this claim was not contrary to, or an unreasonable application of federal law.

### 6. Failure to Object to Prosecutorial Misconduct

Petitioner does not object to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that defense counsel performed deficiently in failing to object to the prosecutor's alleged threat to charge Petitioner's wife with accessory-after-the-fact to murder if Petitioner testified at trial.[158] The Magistrate Judge found the claim to be speculative and unsupported, because Petitioner had not established that any threat was actually made.[159]

---

[154] *Id.*

[155] Fed. R. Civ. P. 72(b)(3).

[156] State Rec., Vol. V of VI, Trial Transcript.

[157] *Kimler*, 167 F.3d at 893.

[158] Rec. Doc. 17.

[159] Rec. Doc. 16 at 31.

Moreover, the Magistrate Judge noted that the possibility of bringing charges against Petitioner's wife existed whether or not Petitioner testified at trial.[160] Reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's determination that the state court's denial of relief on this issue was neither contrary to nor an unreasonable application of federal law.

### 7. Mistaken Reference During Closing Argument

Finally, Petitioner objects to the Magistrate Judge's finding that counsel's placement of Petitioner at the crime scene during closing argument was a reasonable trial strategy.[161] Petitioner argues that he told the police and his counsel that he was not in the car at the time of the murder, and his "counsel cannot fabricate factual details of the crime."[162] Petitioner also objects to the Magistrate Judge's finding that Petitioner did not establish prejudice.[163] Petitioner asserts that the State's evidence was not overwhelming, and it is likely that "the jury would have been even more skeptical of the State's case had Petitioner's trial counsel not destroyed his credibility by telling the jury that he lied to the police."[164] Because Petitioner objects to the Magistrate Judge's recommendation, this Court reviews this issue *de novo*.[165]

As discussed above, it is well settled that attorneys are afforded wide discretion in trial strategy and tactics.[166] The Supreme Court has held that "[w]hen counsel focuses on some issues

---

[160] *Id.*

[161] Rec. Doc. 17 at 8.

[162] *Id.* at 8–9.

[163] *Id.*

[164] *Id.* at 9.

[165] Fed. R. Civ. P. 72(b)(3).

[166] *Yarbororough,* 540 U.S. at 5–6.

to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."[167]

Reviewing defense counsel's closing argument, it's clear that counsel did not state that Petitioner was in the car at the time the murder occurred, and instead she merely highlighted the fact that Petitioner was in the car at some point during the chain of events leading to the murder.[168] Petitioner concedes that he was in the car when Ford and the victim left the daiquiri shop. Furthermore, during closing arguments defense counsel argued that the evidence indicated that Ford alone possessed the ability and intent to rob the victim and that Ford killed the victim during the robbery and Petitioner was simply in the wrong place at the wrong time.[169] Accordingly, Petitioner has failed to overcome the presumption that counsel's decision was a result of sound trial strategy. Therefore, the state court's rejection of this claim was neither contrary to nor an unreasonable application of federal law.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his right to testify claim and his ineffective assistance of counsel claims was contrary to or an unreasonable application of federal law. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

---

[167] *Id.*

[168] State Rec., Vol. V of VI, Trial Transcript.

[169] *Id.* at 33.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Troy Arnaud's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 15th day of August, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**