# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY ARNAUD | CIVIL ACTION |
| VERSUS | NO. 16-2957 |
| DARREL VANNOY, WARDEN | SECTION: "G" (5) |

## ORDER

Before the Court is Petitioner Troy Arnaud's ("Petitioner") "Request for Reconsideration of Judgment,"[1] wherein he requests relief from the Court's August 15, 2017 Order and Judgment, dismissing with prejudice his petition for federal habeas corpus relief.[2] Having considered the motion, the record, and the applicable law, for the reasons that follow, the Court will deny the motion.

## I. Background

On April 7, 2016, Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that he was denied the right to testify at trial and that he received ineffective assistance of trial counsel.[3] On June 29, 2016, the State filed a response, arguing that the petition should be dismissed with prejudice.[4] On March 14, 2017, the Magistrate Judge assigned to the case issued a Report and Recommendation, recommending that the petition be dismissed with

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 38.

[3] Rec. Doc. 1.

[4] Rec. Doc. 15.

prejudice.[5] This Court adopted the Report and Recommendation on August 15, 2017,[6] and dismissed the petition with prejudice.[7]

On September 11, 2017, Petitioner filed the instant motion for reconsideration.[8] The State did not file a response to Petitioner's motion. On September 26, 2017, Petitioner filed a Notice of Appeal.[9]

## II. Parties' Arguments

### A. *Petitioner's Arguments in Support of Request for Reconsideration*

Petitioner moves the Court for relief from its August 15, 2017 Order and Judgment dismissing his federal habeas petition with prejudice.[10] First, Petitioner contends that the Court erred in dismissing his claim that he was denied his constitutional right to testify at trial.[11] Petitioner asserts that the prosecutor threatened to charge his wife as an accessory-after-the-fact if he testified at trial, and Petitioner did not testify at trial because of this threat.[12] Petitioner argues that he is entitled to an evidentiary hearing because he raised a factual dispute in the petition, which

---

[5] Rec. Doc. 16.

[6] Rec. Doc. 18.

[7] Rec. Doc. 19.

[8] Rec. Doc. 21.

[9] Rec. Doc. 22.

[10] Rec. Doc. 21 at 1.

[11] *Id.*

[12] *Id.*

if resolved in his favor would entitle him to relief on his claim.[13] Therefore, Petitioner contends that the Court erred in dismissing this claim.[14]

Second, Petitioner addresses his ineffective assistance of counsel claims.[15] Petitioner concedes that the Court correctly dismissed his claim that his trial counsel performed ineffectively by failing to make an opening statement, failing to properly cross-examine a witness, and failing to object to improper bolstering.[16] However, Petitioner asserts that the Court erred in dismissing his claim that his trial counsel performed ineffectively by failing to object to testimony of Sergeant David Spera.[17] Specifically, Petitioner contends that his trial counsel should have objected to testimony the prosecutor elicited from Sergeant Spera because it was irrelevant and baseless.[18] Petitioner also argues that the Court erred in dismissing his claim that his trial counsel performed ineffectively by placing Petitioner at the crime scene during her closing argument.[19] Petitioner asserts that the closing statement "essentially served as a concession of guilt."[20] Accordingly, Petitioner moves the Court for relief from its prior judgment.[21]

---

[13] *Id.* at 2.

[14] *Id.* at 4.

[15] *Id.* at 4–6.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.* at 4–5.

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.*

### B.     *The State's Response*

The State did not file a response to Petitioner's motion, despite receiving electronic notice of the filing.

### **III. Law and Analysis**

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[22] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[23] Here, Petitioner's motion was brought within 28 days after entry of the August 15, 2017 Judgment.[24] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."[25] District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)."[26] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[27] This Courts generally consider four factors in deciding motions for reconsideration under the Rule 59(e) standard:

---

[22] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[23] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P. 59(e).

[24] *See* Rec. Docs. 19, 21.

[25] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[26] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[27] *Id.* at 355–56.

4

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[28]

A motion for reconsideration "'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[29] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[30]

Rule 59(e) has been used to reopen a judgment in a habeas corpus proceeding.[31] However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 59(e) motion. As explained by the Supreme Court in *Gonzalez v. Crosby*, the difference lies in the relief the petitioner is seeking.[32] Relief from the federal habeas judgment should be based on arguments relating to the conduct of the federal action, whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244.[33]

---

[28] *Richardson v. Tubb*, 2017 WL 4102218, at *2 (E.D. La. Sept. 15, 2017) (Brown, J.) (internal citations omitted)).

[29] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

[30] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[31] *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).

[32] 545 U.S. 524, 532 (2005).

[33] *Id*. (holding that a Rule 60(b) motion for relief from judgment challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) did not qualify as a successive petition). *See also Williams*, 602 F.3d at 303 (holding that *Gonzalez* applies to a Rule 59(e) motion).

In the instant motion, Petitioner has not presented any newly discovered or previously unavailable evidence, nor does Petitioner identify a manifest error of law or fact that would warrant granting the motion. Rather, Petitioner's motion seeks only to rehash arguments previously considered by the Court.

As stated supra, the Court has considerable discretion when determining if arguments presented in a motion for reconsideration merit reversing the Court's prior decision.[34] Petitioner has not identified any evidence that merits reconsideration, nor any argument that reconsideration is necessary to prevent a manifest injustice or correct a manifest error of fact or law. Furthermore, Petitioner does not assert that the motion is justified by an intervening change in controlling law. Additionally, no independent reason exists to warrant reconsideration of Petitioner's claims. Therefore, Petitioner has not established entitlement to relief from the Court's August 15, 2017 Order and Judgment dismissing his claims with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that the Petitioner's "Request for Reconsideration of Judgment"[35] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  28th   day of November, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[34] *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

[35] Rec. Doc. 21.